IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADAM SOSA,<br><br>    Plaintiff,<br>v.<br><br>COUNTY OF CAMDEN, CAMDEN COUNTY BOARD OF CHOSEN FREEHOLDERS, WARDEN OF CAMDEN COUNTY CORRECTIONAL FACILITY, and CORRECTIONAL OFFICERS JANE & JOHN DOES 1 THROUGH 100 IN OFFICIAL & INDIVIDUAL CAPACITIES,<br><br>    Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-cv-8662(JBS-AMD)<br><br>**MEMORANDUM ORDER** |

<u>APPEARANCES</u>:

Adam Sosa, #525099-C,
East Jersey State Prison
Lock Bag R
Rahway, NJ 07065
    *Plaintiff Pro Se*

CHRISTOPHER A. ORLANDO, COUNTY COUNSEL
By:  Anne E. Walters,
    Assistant County Counsel
Office of County Counsel
520 Market Street, 14th Floor Courthouse
Camden, NJ 08102
    Attorney for Defendants

**JEROME B. SIMANDLE, U.S. District Judge:**

    This matter is before the Court upon a motion by plaintiff pro se, Adam Sosa, seeking appointment of pro bono counsel. (D.E. 23.) The Court, after reviewing the record, finds as follows:

1. On June 4, 2018, the Court entered an opinion (D.E. 21) ("June 4 Opinion") and order (D.E. 22) ("June 4 Order") granting the motion for summary judgment ("the SJ Motion") (D.E. 18) of defendants County of Camden ("County"), Camden County Freeholders ("Freeholders"), and Warden of the Camden County Correctional Facility ("Warden") (County, Freeholders, and Warden are collectively referred to as "Defendants"). The Court considered the SJ Motion. which was then unopposed, on the papers pursuant to Fed. R. Civ. P. 78(b).

2. On June 12, 2018, the Clerk's Office of this Court received from Plaintiff a Letter Motion to Appoint Pro Bono Counsel. (D.E. 23 ("Plaintiff's Motion").)

3. Allowing for regular U.S. mail delivery time between this Court and East Jersey State Prison, it appears that Plaintiff's Motion crossed in the mail with this Court's June 4 Opinion and Order.

4. Under Local Civ. R. 7.1(d)(2), Plaintiff's timely opposition to the SJ Motion would have been due on or before May 21, 2018. Plaintiff did not timely file such opposition. Nevertheless, Plaintiff's Motion, to the extent it opposes the SJ Motion, arguably was not unreasonably late either, as he could have requested an automatic fourteen-day extension under Local Civ. R. 7.1(d)(5). Under that provision, Plaintiff could have had

2

until June 4, 2018 to file his opposition for a June 18, 2018 motion day.

5. **The Court Will Re-Open This Case**: In light of the above-described mail-crossing, in the interests of fairness to all parties to this proceeding, and given Plaintiff's pro se status, the Court will consider Plaintiff's Motion as a request to: (a) re-open the docket of Civil Action No. 16-cv-8662 and; (b) set aside the June 4 Opinion and June 4 Order. The Court will grant that request and instruct the Clerk of Court accordingly, as set forth at the conclusion of this Order.

6. **The Parties Shall Complete Limited Discovery By July 1, 2019**: The only discovery requests or responses of any party attached to any filings in this case are Defendants' Fed. R. Civ. P. 26 Disclosures (D.E. 18-4 at 2-4) and Defendants' interrogatories and document requests to Plaintiff. (D.E. 18-5 at 2-14.) The Defendants' Brief in Support of Summary Judgment (D.E. 18-2 at 6) and their Statement of Material Facts (D.E. 18-8 at 2) argue that Plaintiff did not serve discovery responses or Fed. R. Civ. P. 26 disclosures. Perhaps related to this point, Plaintiff contends that he "understand[s] it [is] [his] responsibility to respond on a timely basis," but he is "in dire strai[]ts" as he is in need of counsel to help him with his case. (D.E. 23 at 1.) On the issue of discovery, the Court notes also that there is no

3

indication in the record that Defendants attempted to resolve Plaintiff's discovery failures with him, or to otherwise bring it to Magistrate Judge Ann Marie Donio's attention, prior to the close of pre-trial fact discovery on March 30, 2018 (*see* D.E. 17 at 1) or prior to the filing of Defendants' May 11, 2018 SJ Motion. The interests of justice here -- including the unique timing of the above-referenced mail-crossing, Plaintiff's demonstrated unfamiliarity with litigation, Plaintiff's attempt to oppose summary judgment, and the case's discovery posture as of the June 4 Opinion and Order -- warrant that the parties be directed to conduct limited discovery with the aid of Plaintiff's pro bono counsel, as discussed below.

7.  **The Court Will Grant Plaintiff's Request For Appointment of Pro Bono Counsel**: Plaintiff asks this Court to assign him pro bono counsel. He states that he understands his responsibilities as a litigant, but he is in "desperate need of an attorney[']s assistance" because "[t]he inmate that was assisting me has been transferred to another prison." (D.E. 23 at 1.) Appointment of counsel is a privilege, not a statutory or constitutional right. *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011). Section 1915 permits a court to request that an attorney represent any person who is unable to afford counsel on his own. 28 U.S.C. § 1915(e)(1). Courts, in deciding whether to appoint pro bono

counsel, first must consider whether plaintiff's claim "has some merit in fact and law." *Tabron v. Grace,* 6 F.3d 147, 155 (3d Cir. 1993) (quotation omitted). If the court finds that it does, the court should consider the following factors: (a) the plaintiff's ability to present his or her own case; (b) the complexity of the legal issues; (c) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (d) the amount a case is likely to turn on credibility determinations; (e) whether the case will require the testimony of expert witnesses; and (f) whether the plaintiff can attain and afford counsel on his own behalf.[1] *Parham v. Johnson,* 126 F.3d 454, 457 (3d Cir. 1997) (citing *Tabron,* 6 F.3d at 155–56, 157 n. 5). This list of factors is not exhaustive, nor is a single factor determinative. *Id.* at 458. Instead, the factors serve as guideposts for district courts to ensure valuable attorney time is not "wasted on frivolous cases." *Id.*

8. Based on this Court's August 30, 2017 Opinion and Order that permitted Plaintiff's conditions of confinement claims and his New Jersey Constitution claim to proceed beyond initial screening (D.E. 5; D.E. 6), Plaintiff's claims appeared to have some merit in fact and law, thus meeting *Tabron*'s initial hurdle.

---

[1] The Court in this case granted Plaintiff's application to proceed *in forma pauperis* on December 20, 2016. (D.E. 3.)

9. However, as of June 2018, Plaintiff had failed to come forward with any evidence supporting either his conditions of confinement claims (*see* D.E. 21 at 10-16) or his First Amendment claims. (*Id*. at 16-19.) The Court finds that these points illustrate Plaintiff's inability to manage, investigate, understand, substantiate, and present his own case. These points also suggest his lack of education or experience to sufficiently appreciate the legal issues that will impact the ultimate success or failure or his claims. Although the Court makes no finding at this time as to the truth of Plaintiff's factual representations in his Motion (D.E. 23), the Court notes that he claims someone who was helping him with the litigation was transferred to another facility. (*Id*. at 1.) If true, and assuming such person in fact possessed some degree of legal experience or education, this point would further underscore the need for pro bono counsel in Plaintiff's circumstances.

10. While it may be presently unclear whether this case will in fact proceed to trial or whether the case will require expert witness testimony, Plaintiff's Motion shows that he is undoubtedly unfamiliar with the litigation process and motion practices. Successive mis-steps, omissions, and untimely filings such as those thus far will only further tax both sides to this litigation. Appointment of pro bono counsel, who can enter an appearance,

participate in resolving discovery disputes, and suggest a new dispositive motion schedule, is a sensible resolution in this situation. However, nothing in this Memorandum Order should be construed as questioning the sound and well-reasoned analysis of Judge Donio in her November 27, 2017 Order denying appointment of counsel for Plaintiff. (D.E. 16.) At that time, consideration of the *Tabron* factors on balance did not weigh in favor of pro bono counsel appointment. (*Id.*) Since then, circumstances have changed, as outlined in this Memorandum Opinion.

**Accordingly**, IT IS this **18th** day of **March**, **2019** hereby

**ORDERED** that the Clerk of this Court shall RE-OPEN this case and VACATE the June 4, 2018 Opinion (D.E. 21) and June 4, 2018 Order (D.E. 22); and it is further

**ORDERED** that Plaintiff's motion to appoint pro bono counsel [D.E 23] is GRANTED, and the Clerk shall select counsel in accordance with Appendix H of the Local Civil Rules for appointment by the undersigned; and it is further

**ORDERED** that the Court shall TEMPORARILY STAY this case until pro bono counsel for Plaintiff has entered an appearance; and it is further

**ORDERED** that the parties shall conduct pretrial fact discovery, including interrogatories, document requests, and depositions. Such discovery shall commence upon appointment of

Plaintiff's pro bono counsel under the provisions of this Order and conclude by July 1, 2019. The parties shall meet and confer and promptly bring any discovery disputes to the attention of Judge Donio by way of the informal procedure of L. Civ. R. 37.1(a); and it is further

**ORDERED** that, within fourteen (14) days following appointment of pro bono counsel for Plaintiff, counsel for the parties shall confer and submit to Judge Donio a proposed joint scheduling order, including a discovery schedule with a July 1, 2019 fact discovery deadline and a proposed dispositive motion schedule; and it is finally

**ORDERED** that Judge Donio has full discretion to manage discovery, supervise other case management items, enlarge or enforce deadlines, and convene a settlement conference, if appropriate.

<pre>
                                    s/ Jerome B. Simandle
                                    JEROME B. SIMANDLE
                                    U.S. District Judge
</pre>